# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AMY HOLCOMB, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:22-cv-947 |
| v. | § | Judge Mazzant |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF | § | |
| TEXAS, A DIVISION OF HEALTH | § | |
| CARE SERVICE CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss styled as Defendant's Opening Brief (Dkt. #35). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

Plaintiff Amy Holcomb ("Holcomb") has suffered from lower back pain for over ten years (Dkt. #5 at ¶ 8). For a time, Holcomb was able to manage her pain with minimally invasive procedures and therapy, but over time, her condition worsened (Dkt. #5 at ¶¶ 8–9). In fact, her pain became so severe that she could no longer work because of it (Dkt. #5 at ¶ 9). Her treating physician advised Holcomb to seek a surgery consultation, which she did (Dkt. #5 at ¶ 10). After the consultation, Holcomb decided to undergo a procedure on her back in the hope of alleviating her pain. Notably, prior to receiving the surgery, Holcomb sought preauthorization for the surgery from her medical insurance provider, Blue Cross and Blue Shield of Texas ("BCBS") (Dkt. #35 at

p. 1).[1] BCBS, however, denied Holcomb's preauthorization request because it deemed the procedure "not [m]edically [n]ecessary as that term is defined in the Policy" (Dkt. #35 at p. 1). Defendant alleges Holcomb did not appeal this denial (Dkt. #35 at p. 1), while Holcomb asserts that she did appeal the decision (Dkt. #37 at p. 2).

Ultimately, Holcomb underwent a procedure on her back without preauthorization from BCBS (*See* Dkt. #5 at ¶¶ 12–14; Dkt. #35 at p. 1). As such, Holcomb paid for the surgery herself, incurring costs in the amount of $95,775 (Dkt. #5 at ¶ 14). Defendant alleges that Holcomb "nor her healthcare providers submitted a claim for benefits related to the surgery" (Dkt. #35 at p. 1). Crucially, Holcomb does not argue she submitted a claim for benefits ("claim"), rather she argues that the Court should deny Defendant's Motion to Dismiss or, alternatively, abate the case until Holcomb submits her medical bills to Defendant (*See* Dkt. #37 at p. 4).

## LEGAL STANDARD

ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Line, Inc.*, 463 U.S. 85, 90 (1983). Section 502(a)(1)(B) provides a cause of action for a participant or beneficiary to seek judicial review of an administrator's benefits determination. *Lohse v. Unum Life Ins. Co. of America*, No. 5:21-CV-143-RWS-JBB, 2023 WL 6213440, at *2 (E.D. Tex. Sept. 25, 2023) (citing 29 U.S.C. § 1132(a)(1)(B)). The standard of judicial review afforded ERISA benefits determinations depends upon whether a plan administrator is vested with certain discretionary authority. *Id.* Absent a valid

---

[1] Because of her husband's employment with BKH Development, LP, Holcomb is an eligible dependent under a "Certificate of Coverage for a Group Managed Health Care and Pharmacy Benefits Contract" (the "Policy") issued by BCBS (Dkt. #35 at p. 1). Defendant asserts that the Policy is governed the Employee Retirement Income Security Act of 1974 ("ERISA") (Dkt. #35 at p. 1). Holcomb states that the Policy "appears to be governed by [ERISA]" (Dkt. #37 at p. 1). Accordingly, the Court concludes that the Policy is governed by ERISA.

delegation clause vesting the claims administrator with discretionary authority, the standard of judicial review for ERISA benefits denials challenged under 29 U.S.C. § 1132(a)(1)(B) is *de novo*. *Id.*; *see also Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 247 (5th Cir. 2018).

"Under the *de novo* standard of review, the court's task is to determine whether the administrator made a correct decision." *Lohse*, 2023 WL 6213440, at *3 (quoting *Holman v. Life Ins. Co. of N. Am.*, 533 F. Supp. 3d 502, 505 (S.D. Tex. 2021). Accordingly, "the decision to deny benefits is 'not afforded deference or a presumption of correctness.'" *Id.* (quoting *Holman*, 533 F. Supp. 3d at 505). The Court "must stand in the shoes of the administrator as if the issue had not been decided previously." *Holman*, 533 F. Supp. 3d at 505 (quoting *Byerly v. Standard Ins. Co.*, No. 4:18-CV-592, 2020 WL 1451543, at *18 (E.D. Tex. Mar. 25, 2020), *aff'd*, 843 F. App'x 572 (5th Cir. 2021)).

When plaintiffs are seeking relief under 29 U.S.C. § 1132(a)(1)(B), they are required to exhaust all administrative remedies before suing to obtain wrongfully denied benefits. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013); *Bourgeois v. Pension Plan for Emps. of Santa Fe Intern. Corps.*, 215 F.3d 475, 479 (5th Cir. 2000). "This requirement minimizes the number of frivolous ERISA lawsuits, promotes consistent administration of claims, provides a nonadversarial dispute resolution process, and decreases the time and cost of claims settlement." *Gastwirth v. Cigna Group Ins.*, No. 3:97-CV-2481L, 1998 WL 874879, at *3 (N.D. Tex. Nov. 25, 1998) (citing *Hall v. Natl. Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997)). Moreover, the Fifth Circuit "fully endorses the prerequisite of exhaustion of administrative remedies in the ERISA context." *Galvan v. SBC Pension Benefit Plan*, 204 Fed. App'x 335, 340 (5th Cir. 2006); *accord Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993); *Meza v. Gen. Battery Corp.*, 908

F.2d 1262, 1279 (5th Cir. 1990). The Fifth Circuit has held that the failure to properly submit a claim of benefits to an insurer can constitute a failure to exhaust an insured's administrative remedies. *See Medina*, 983 F.2d at 33.

## ANALYSIS

After conducting a *de novo* review of the administrative record, the Court concludes that Holcomb's claims fail because she did not exhaust her administrative remedies. In its Motion to Dismiss, Defendant asserts that Holcomb did not submit a claim relating to her back surgery, thus Holcomb failed to exhaust her administrative remedies and is not entitled to relief (Dkt. #35 at pp. 7–8). Holcomb does not argue she submitted a claim, rather, she asserts that it would not make sense to require her to submit a claim because Defendant already rejected her preauthorization request for the procedure (Dkt. #37 at p. 4). Be that as it may, the Policy did require Holcomb to submit a claim once she received her back surgery (Dkt. #36 at p. 114). The pertinent portion of the Policy states:

> All claims for benefits under the Plan must be properly submitted within 90 days of the date you receive the services or supplies. Claims not submitted and received by [BCBS] within twelve (12) months after that date will not be considered for payment of benefits except in the absence of legal capacity.

(Dkt. #36 at p. 114).

Holcomb, however, did not submit a claim for the surgery within the twelve-month time period. The administrative record indicates that Holcomb received the procedure sometime in April or May of 2022 (*See* Dkt. #36 at pp. 320–21). Thus, Holcomb needed to submit a claim by April or May of 2023 (*See* Dkt. #36 at p. 114). But she did not (*See* Dkt. #36; Dkt. #37 at p. 4).

Therefore, Holcomb's claims in this lawsuit are barred because she failed to exhaust her administrative remedies. *See Medina*, 983 F.2d at 33.[2]

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion to Dismiss styled as Defendant's Opening Brief (Dkt. #35) is hereby **GRANTED**. Holcomb's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED this 4th day of March, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court dismisses Holcomb's claims for her failure to exhaust her administrative remedies, it need not address Defendant's alternative theory of dismissal—that Holcomb failed to timely appeal the denial of her preauthorization request. *See Every v. Jindal*, 413 Fed. App'x 725, 727 (5th Cir. 2011) (noting that a "district court need not reach the merits of any claim against any defendant if dismissal is warranted on other grounds").